UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IKE ELIAS, | |
| Plaintiff, | Case No. 2:11-CV-01440-KJD-CWH |
| v. | **ORDER** |
| RONALD H. REYNOLDS AND ASSOCIATES, *et al*., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion and Objections to the Recommendation and Report on the Award of Judgment (#55). Though styled as objections to the recommendation and report of the magistrate judge, no such report and recommendation was made by a magistrate judge in this action. Construing *pro se* Plaintiff's motion liberally, it is clear that he seeks reconsideration of the Court's order granting Defendants' motion to dismiss and the resulting entry of judgment on April17, 2012.

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th

Cir. 1993). Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").

A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).

Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at 1263. Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). In the present action, Plaintiff has failed to demonstrate any grounds that justify reconsideration.

The Court notes that the entry of judgment against Plaintiff is not a monetary judgment, but a signal that all claims have been resolved against Plaintiff and the Court's order is ripe for appeal. Furthermore, despite Plaintiff's protestations, the Court made its decision based on the facts, procedural stance of the case and the law, and not on Plaintiff's race. Finally, the Court asserted no wrong-doing by Plaintiff in its order dismissing the complaint. The Court merely held that rehashing the facts from an entirely separate action by a different plaintiff against different defendants, in a different judicial district could not state a claim in this action.

///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion and Objections to the Recommendation and Report on the Award of Judgment (#55) is **DENIED**.

DATED this 25th day of April 2012.

_____
Kent J. Dawson
United States District Judge